OPINION OF THE COURT
Rhea G. Friedman, J.
Respondent has moved to dismiss this family offense petition on the ground that this court lacks subject matter jurisdiction (Family Ct Act § 812 [1]). More specifically, respondent argues that petitioner’s past consent to her adoption precludes, the existence of the parent-child relationship necessary to maintain this action under article 8 of the Family Court Act. No reported cases on this issue have been found.
Respondent, Eve M., was born on December 15, 1968, to *771 Kathleen M. and to petitioner, Robert R.[1] Petitioner and respondent’s mother were divorced on February 25, 1970. The latter married William M. who subsequently adopted respondent with petitioner’s consent.
The issue is whether the adoption terminated the parent-child relationship for purposes of jurisdiction under Family Court Act § 812.[2] The court finds that the adoption effectively terminated the parent-child relationship for these purposes.
While the history of article 8 has been marked by an expansion of Family Court jurisdiction over acts of violence, threats of violence, and acts of intimidation between adult family members (see, e.g., Family Ct Act § 812 [1] [c], [d]), the court is limited to providing (at the victim’s choice) civil alternatives to criminal prosecution in situations which the Legislature has deemed appropriate. It is clear that the purpose of article 8 civil proceedings is to (attempt to) stay the violence, end the family disruption and to obtain protection. (Family Ct Act § 812 [2] [b].)
The Legislature has also spoken of the effect of adoption. See, e.g., Domestic Relations Law § 117 (2) (a), which provides the general rule that adopted children (and their issue) are "strangers to any natural relatives” for purposes of the construction or interpretation of any instrument. While this section pertains primarily to the inheritance rights of adopted children, it expresses the clear intent that, following an order of adoption, a natural parent of an adoptive child "shall be relieved of * * * all responsibilities for and shall have no rights over such adoptive child or to his property by descent or succession”.
Reading Family Court Act § 812 (1) and Domestic Relations Law § 117 together, the court must conclude that, for purposes of a family offense proceeding, the parent-child relationship between the parties no longer exists. Additionally, the pur *772 poses of article 8, particularly that of ending family disruption, will not be advanced by maintaining this action. It must also be noted that petitioner is not without a remedy; he may institute a criminal prosecution for harassment.
Accordingly, the motion is granted and the petition is dismissed.

. Petitioner has also instituted a companion proceeding against his ex-wife, respondent’s mother. That respondent has moved for a change of venue to Suffolk County, where both respondents reside. (See, separate decision on that motion, Matter of Robert R. v Kathleen M.)

. Family Court Act § 812 also confers jurisdiction upon this court over certain enumerated acts between, inter alla, "members of the same family”, defined as persons related by consanguinity or affinity (Family Ct Act § 812 [1] [a]). However, the more specific statutory provision "acts * * * between parent and child” (Family Ct Act § 812 [1]) controls. Therefore, Family Court Act § 812 (1) (a) is inapposite and consanguinity need not be addressed as an issue herein.